FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 MAY -9  P 2: 33

CLERK_____
SO. DIST. OF GA.

LAVERNE RASHAUDE FUTCH,          :
                                 :
          Petitioner,            :
                                 :
     v.                          :          CIVIL ACTION NO.: CV213-047
                                 :
BACON PROBATION DETENTION        :
CENTER; WAYNE COUNTY             :
DISTRICT ATTORNEY; and           :
JOHN B. JOHNSON,                 :
                                 :
          Respondents.           :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Laverne Rashaude Futch ("Futch"), an inmate incarcerated at Bacon Probation Detention Center in Alma, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a sentence imposed in the Superior Court of Wayne County, Georgia. For the reasons which follow, Petitioner's claim should be **DISMISSED**.

## STATEMENT OF THE CASE

Petitioner contests a sentence imposed in the Superior Court of Wayne County, Georgia, alleging that he was not awarded credit for time served while awaiting sentencing. Futch was advised by Order of this Court on March 28, 2013, that it appeared he had not exhausted the remedies available to him in the Courts of the State of Georgia with regard to the claims stated in the case. Futch was ordered to

AO 72A
(Rev. 8/82)

advise the Court within twenty-one (21) days whether he had exhausted the remedies available in this State. Futch has failed to file such a Response.

## DISCUSSION AND CITATION OF AUTHORITY

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In Georgia, "[a]ny person restrained of his liberty as a result of a sentence imposed by any state court of record may seek a writ of habeas corpus to inquire into the legality of the restraint." O.C.G.A. § 9-14-1(c).

The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839-40, 847 (1999). In order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement also extends to a state's collateral review process. Pope v.

AO 72A
(Rev. 8/82)

Rich, 358 F. 3d 852, 854 (11th Cir. 2004) (citing Pruitt v. Jones, 348 F.3d 1355, 1359 (11th Cir. 2003)). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a section 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. §§ 2254(b) and (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The State may also explicitly waive the exhaustion requirement. Hills, 441 F.3d at 1376. Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

Futch has not shown that he exhausted his state court remedies before filing this case and has not informed this Court to the contrary. As Futch has not exhausted his state court remedies, this Court is precluded from a consideration of his claims.

AO 72A
(Rev. 8/82)

## CONCLUSION

For the above reasons, it is my **RECOMMENDATION** that Futch's petition, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, without prejudice, due to Futch's failure to exhaust his state remedies.

**SO REPORTED** and **RECOMMENDED** this _9th_ day of May, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)